ELWOOD E. CALDWELL *vs.* PHILIP D. ARMOUR, J. OGDEN ARMOUR and PHILIP D. ARMOUR, JR., trading as ARMOUR AND COMPANY.

*Federal Constitution—Validity of Statute—Service of Summons— Non Resident—Due Process of Law—Non Resident Corporations—Jurisdiction of Court.*

1. An alias summons, served pursuant to *Chapter 192, Vol. 11, Laws of Delaware,* which provides for the service of a writ of summons, when the defendants do not reside in the state, but are doing business therein by a branch establishment or agency, held invalid and set aside; and the statute, so far as the same is applicable to this case, declared to be unconstitutional, being in violation of *Section 2 of Article 4, of the Constitution of the United States,* and also in violation of *Section 1 of the 14th Amendment.*

2. A non resident citizen by doing business in this state by branch establishment or agency, does not thereby assent to such service of process as our laws may prescribe. It might be different as to corporations of other states, because corporations are not citizens within the meaning of *Section 2 of Article 4, of the Federal Constitution.* The term citizens as there used applies only to natural persons. Corporations are the creatures of the local law, and have no right of recognition in other states without their assent, and upon such terms as they may impose. But a natural person, citizen of another state, carries on business here, not by virtue of the consent of this state, but by virtue of a right secured to him by the Constitution of the United States, and from the exercise of that right no assent can be implied that he will submit to a mode of service in personal actions different from that provided in case of citizens of this state.

3. When the question involved is a federal one, the decisions of the Supreme Court of the United States are to be regarded as binding upon this court.

4. No court can, in the ordinary administration of justice in common law proceedings, exercise jurisdiction over a party unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process. Such process cannot reach the party beyond the territorial jurisdiction of the court.

5. It is not material whether the mode of constructive service provided for non residents doing business here, is as effective for the purpose of actual notice as that provided for residents; or whether that provided for non-residents is better than certain other modes of constructive service, which have been condemned as insufficient. Nor is it material that the service in

this case was likely to result, or that it did in fact result, in actual notice to the defendants of the pendency of the action.

(*February 20, 1899.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward* for plaintiff.

*William S. Hilles* for defendants.

Superior Court, New Castle County, February Term, 1899.

ACTION ON THE CASE, being No. 29 to the September Term, 1898. The facts of the case and the contentions in the arguments of the respective counsel, sufficiently appear in the opinion of the court.

SPRUANCE, J :—This action was brought by summons to the May Term, 1898, to which the sheriff returned *non sunt inventi*. An *alias* summons was issued to the September Term, 1898, to which the sheriff made the following return :

"Served the within summons upon Philip D. Armour, J. Ogden Armour and Philip D. Armour, Jr., trading as Armour and Company, the within named defendants, who are persons not residing in this state, but doing business therein by a branch establishment or agency in the City of Wilmington, by leaving a copy thereof with Edward E. Penley, their manager and agent, in the presence of John W. Redmile, at the usual place of business of said defendants in said city, on the thirtieth day of June, A. D., 1898."

This service was made pursuant to *Chapter 192, Volume 11, Laws of Delaware*, which is as follows :

"SECTION 1. That whenever suit shall be brought against any person or persons not residing in this state, but doing business therein either by a branch establishment or agency, it shall be sufficient service of a writ of summons to leave a copy thereof with any agent, or at the usual place of business of such person or persons, or his or · her, or their agent ten days before the return thereof."

At the said September Term the defendants entered a special appearance for the purpose of questioning the jurisdiction of the court over the defendants in this cause, reserving all exceptions to the jurisdiction of the court.

At the next November Term a paper, signed by the counsel of the plaintiff and defendants, was filed, agreeing, for the purpose of a motion to set aside the said return, that the plaintiff is a citizen and resident of this state, that the defendants are citizens and residents of the State of Illinois; that the defendants were at the time of the bringing of this suit doing business in the City of Wilmington in this state, by a branch establishment or agency; that the said Penley was on the said thirtieth day of June, 1898, the manager or agent for the said defendants in the conduct of their said business in this state; and that this is an action in *tort* for personal injuries alleged to have been received by the plaintiff through the negligence of the defendants or their agents, while engaged in the repair of a building in the occupancy and control of the defendants in the said city in which said branch establishment is located.

At the same term the defendants filed a motion to set aside the said return.

The ground of this motion, so far as we deem it necessary to consider the same, is, that the said statute as applied to this case is unconstitutional, because it is in violation of *Section 2 of Article 4 of the Constitution of the United States*, which declares that, "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," and also in violation of *Section 1 of the Fourteenth Amendment of the Constitution of the United States*, which provides that, "no state shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law."

In this state the ordinary statutory mode of service upon a defendant of a writ of summons in a personal action is "by stating the substance of it to him personally, or by leaving a copy of it at his usual place of abode, in the presence of some

white adult person, six days before the return thereof." *R. C. Ch. 102, Sec. 2.*

While it is true that the non resident citizen is not entitled to all the privileges and immunities of the resident citizen, the plaintiff concedes that the right to be served with process in personal actions under essentially the same conditions, and by essentially the same methods as are provided for service upon a resident citizen, is a privilege and immunity secured to the non resident citizen by *Section 2 of Article 4 of the Constitution of the United States.* He contends, however, that the statutory mode of service by copy upon the non resident citizen doing business here, is as effective, fair and just as the statutory mode of service by copy upon the resident citizen.

Without deciding the question whether service upon a person residing in a distant state, who may never have been in this state, by leaving a copy of the writ with any agent, or at the usual place of business of such person, or his agent, is as effective, fair and just, as service upon a person residing in this state by leaving a copy of the writ at the usual place of abode of such person, in the presence of a white adult person—it is evident that there is an essential difference in the conditions and methods of the two modes of service, and the legislature has not seen fit to extend to the resident citizen doing business here, the method made applicable to the non resident citizen doing business here.

In *Slack vs. Seal, 6 Houst., 541,* it was held that the statute which required an affidavit of fraud in case of a *capias ad respondendum* against a resident citizen, and made no such requirement in case the writ was against a non resident citizen, was an unconstitutional and void discrimination against the latter.

The discrimination against the non resident citizen, made by the statute now under consideration, would seem to be quite substantial and fundamental.

It has been suggested that we may hold the statutory mode of service upon non resident citizens valid only in cases like the present one, where the cause of action accrued in this state.

The legislature has not so limited the operation of the statute, and the courts have no power to do so.

The statute is general, and applies equally to all cases of non residents doing business in this state, irrespective of the fact that the cause of action accrued here or elsewhere. To hold this mode of service upon a non resident good where the cause of action accrued in this state, and bad where the cause of action accrued out of this state, would be wholly unwarranted by the statute, and would be legislation by the court and not construction.

It is claimed that the non resident citizen by doing business in this state by branch establishment or agency, assents to such service of process as our laws may prescribe.

This may be true as to corporations of other states, but not as to citizens of other states.

Corporations are not citizens within the meaning of *Section 2 of Article 4 of the Federal Constitution.* The term *citizens* as there used applies only to natural persons. Corporations are the creatures of the local law, and have no right of recognition in other states without their assent, and upon such terms as they may impose.

*Paul vs. Virginia, 8 Wallace, 168.*

Where a state corporation is permitted by another state to do business there, the latter state has the right to impose as a condition of this privilege, that it shall be suable by service of process on its agent within the state.

*Lafayette vs. French, 18 How., 340.*

"A corporation of one state cannot do business in another state without the latter's consent, express or implied, and that consent may be accompanied by such conditions as it may think proper to impose."

*St. Clair vs. Cox, 106 U. S., 350.*

The circumstances under which a natural person, a citizen of another state, carries on business in this state, are essentially different. He carries on business here, not by virtue of the consent of this state, but by virtue of a right secured to him by the Constitution of the United States, and from the exercise of that right no assent can be implied that he will submit to a mode of

service in personal actions different from that provided in case of citizens of this state. The ground upon which the English court in *Vallee vs. Dumergue, 4 Exch., 290,* recognized the jurisdiction of the French court over the defendant was, that by the selection of a domicil in France, where certain official notices might be served upon him, he assented to the service upon him of the process of the French court at the same place.

Whether the English court was right or wrong in this view, it based the jurisdiction of the French court wholly on the assent of the defendant.

The defendants in this case have not selected a domicil or appointed an agent in the state where, or upon whom service of process against them may be made, nor does it appear that they have done anything from which we may infer their consent to be bound by the service of process made in this case.

As the question involved in this case is a Federal one, the decisions of the Supreme Court of the United States are to be regarded as binding upon this court.

In *Kendall vs. United States, 12 Peters, 623,* the court say :

"No court can, in the ordinary administration of justice in common law proceedings, exercise jurisdiction over a party unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process. Such process cannot reach the party beyond the territorial jurisdiction of the court."

In *Boswell's Lessee vs. Otis, 9 Howard, 348,* it was said :

"Jurisdiction is acquired in one of two modes : First, as against the person of the defendant, by the service of process ; or, secondly, by a proceeding against the property of the defendant, within the jurisdiction of the court. In the latter case, the defendant is not personally bound by the judgment, beyond the property in question."

In *Webster vs. Reed, 11 Howard, 460,* it was held that, "No person is required to answer in a suit on whom process has not been served, or whose property has not been attached."

In *Cooper vs. Reynolds, 10 Wallace, 316, 319,* Justice Miller,

while recognizing the general rule stated above, mentions certain cases in which a state may provide for constructive service, viz : " When the judgment is to have an effect on personal rights, as . in divorce suits, or in proceedings to compel conveyance, or other personal acts."

*Galpin vs. Page, 18 Wallace, 350,* and *Hall vs. Lanning et al., 91 U. S., 160,* are to the same effect.

In *Pennoyer vs. Neff, 95 U. S., 714,* the question was as to the validity of a judgment of an Oregon court, recovered in an action in which the defendant, a non resident of the state, was not personally served with process and did not appear. The judgment was entered upon the defendant's default in not answering the complaint, upon a constructive service of summons by publication.

A statute of Oregon provided for such service where the action is against a non resident, absent defendant, who has property in the state.

When the suit was commenced and when the judgment was rendered, the defendant was the owner of real estate in Oregon, which was subseqently sold under said judgment, but the action was not commenced by attachment of said real estate. The judgment was declared void as having been rendered in violation of the Fourteenth Amendment of the Constitution of the United States.

Justice Field, in an elaborate opinion, reviewing the whole subject of substituted or constructive service, says :

" Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once bought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of the owner, in person or by agent ; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such service may also be sufficient in cases where the object of the

action is to reach and dispose of property in the state, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings *in rem*. But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam*, constructive service in this form upon a non resident is ineffectual for any purpose. Process from the tribunals of one state cannot run into another state and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the state where the tribunal sits cannot create any greater obligation upon the non resident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability. * * * * * *

"Since the adoption of the Fourteenth Amendment to the Federal Constitution, the validity of such judgments may be directly questioned, and their enforcement in the state resisted, on the ground that proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute *due process of law*. Whatever difficulty may be experienced in giving to these terms a definition which will embrace every permissible exertion of power affecting private rights, and exclude such as is forbidden, there can be no doubt of their meaning when applied to judicial proceedings. They then mean a course of legal proceedings according to those rules and principle which have been established in our systems of jurisprudence for the protection and enforcement of private rights. To give such proceedings any validity, there must be a tribunal competent by its constitution— that is, by the law of its creation—to pass upon the subject matter of the suit ; and, if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the state, or his voluntary appearance."

*Wilson vs. Seligman, 144 U. S., 41,* was an action by a citizen of Missouri, against a citizen of New York, upon an order or judgment of a court of Missouri, by which execution was awarded against the defendant as a stockholder in a corporation of Missouri, upon a judgment recovered by the plaintiff against the corporation.

The statute of Missouri, under which the said proceedings were had, authorized execution on a judgment against a corporation to be ordered against any of its stockholders, to the extent of the unpaid balance of their stock, "upon motion in open court, after sufficient notice in writing to the persons sought to be charged."

Notice of the plaintiff's motion was served personally on the defendant at his domicil in New York, and was posted in the clerk's office of the state court. No notice was served on him within the State of Missouri. He never was a citizen or resident of that state, and did not appear at the hearing of the motion.

In the present action the defendant denied that he was a stockholder in the said corporation, and claimed that the said order or judgment against him was void, for want of jurisdiction of his person. In the opinion of the court, delivered by Justice Gray, *Pennoyer vs. Neff,* is quoted and approved. The court say, "there can be no doubt that in this, as in all other cases in which a personal liability is sought to be enforced by judicial proceedings and after written notice, the notice must be personally served upon the defendant within the territorial jurisdiction of the court by whose order or judgment his personal liability is to be ascertained and fixed, unless he has agreed in advance to accept, or does in fact accept some other form of service as sufficient." * * * * * * * * * *

"Under the statute of Missouri, and upon fundamental principles of jurisprudence, he (the defendant) is entitled to legal notice and trial of the issue whether he is a stockholder, before he can be charged with personal liability as such; and personal service of the notice within the jurisdiction of the court is essential to support an order or judgment ascertaining and

establishing such liability, unless he has voluntarily appeared, or otherwise waived his right to such service, which he has not done in this case."

The judgment below for the defendant was affirmed.

In view of these decisions, it is not material whether the mode of constructive service provided for non residents doing business here, is as effective for the purpose of actual notice, as that provided for residents, or whether that provided for such non residents is better than certain other modes of constructive service which have been condemned as insufficient. Nor is it material that the service in this case was likely to result, or that it did in fact result, in actual notice to the defendants of the pendency of this action.

We are of the opinion that the said statute, under which the service of the said *alias* summons was made, so far as the same is applicable to this case, is unconstitutional, being in violation of *Section 2 of Article 4 of the Constitution of the United States*, and also in violation of *Section 1 of the Fourteenth Amendment;* and that by the said service this court did not obtain jurisdiction of the defendants in this case.

The said return of the sheriff is set aside.