WILLIAM H. LUTZ, trading as GRAY'S FERRY MACHINE COMPANY vs. ROBERTS COTTON OIL COMPANY, a corporation of the State of Delaware.

1. JUDGMENT—CONCLUSIVENESS.

Where a court has jurisdiction of the subject-matter of a suit and of the parties to it, its judgment on the merits is conclusive between the parties on every question of fact directly in issue and determined in the action, to which judgment, whether declared on as a cause of action or pleaded as a defense, the courts of all the states are bound to give full faith and credit.

2. JUDGMENT—CONCLUSIVENESS—FULL FAITH AND CREDIT.

To render a judgment in the courts of one state conclusive in the courts of another state under the full faith and credit clause of the federal Constitution, the court in which the judgment has been recovered must have had jurisdiction of the subject-matter of the suit and of the parties, and when a judgment is recovered in an action or proceeding in *rem* it must appear that the court had jurisdiction of the *res* or thing itself.

3. JUDGMENT—FOREIGN JUDGMENT—FULL FAITH AND CREDIT—JURIS-
DICTION.

The full faith and credit clause of the federal Constitution, and the act
of Congress based thereon, do not prevent an inquiry into the jurisdiction of
the court by which a foreign judgment offered in evidence was rendered;
the judgment being entitled to no greater force abroad than in the jurisdic-
tion where rendered.

4. JUDGMENT—FOREIGN ATTACHMENT—SERVICE—EFFECT.

An attachment of a nonresident defendant's property within the jurisdic-
tion, without personal service on him, while sufficient to enable the courts
to subject the property attached to their jurisdiction, is insufficient as a foun-
dation for a personal judgment.

5. CONSTITUTIONAL LAW—"DUE PROCESS OF LAW"—FOREIGN ATTACH-
MENT.

Attachment of a nonresident's property within the jurisdiction, without
personal service on the defendant, constitutes due process of law, within the
federal Constitution, in so far as it reaches and affects the defendant's property
lawfully attached.

6. JUDGMENT—PROPERTY OF NONRESIDENT—SCOPE OF JURISDICTION.

By the attachment of a nonresident's property within the jurisdiction,
in the absence of personal service on him, the court acquires jurisdiction over
the property, and may inquire into the nonresident's obligations to its own
citizens only to the extent necessary, however, to control the disposition of
the property.

7. JUDGMENT—FOREIGN ATTACHMENT—CONCLUSIVENESS.

Where jurisdiction is obtained solely by an attachment of the property
of a nonresident within the court's jurisdiction, the judgment is a judgment
of condemnation against the thing attached, and, while conclusive as to the
right, title, and judicial disposition of the property attached, is not person-
ally binding on the nonresident owner, and may not, therefore, be pleaded
against him in the courts of his domicile as an adjudication of the same
subject-matter.

(*March* 12, 1912.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Ward, Gray* and *Neary* for plaintiff.

*Marvel, Marvel* and *Wolcott* for defendant.

Superior Court, New Castle County, January Term, 1912.

ACTION IN ASSUMPSIT (No. 41, November Term, 1910).

Demurrer to plea, averring a former adjudication in the
courts of Tennessee. The questions presented appear in the
opinion of the court, sustaining the demurrer.

WOOLLEY, J., delivering the opinion of the court:

This is an action upon a contract made between the plaintiff
and defendant, whereby the plaintiff trading as a machine com-

pany declared he undertook to furnish and deliver and did furnish and deliver to the defendant oil company, a machine of a certain type and size, fitted with certain devices and possessing a certain capacity; that for the machine the defendant oil company promised to pay the plaintiff a sum agreed upon, but the defendant oil company, in violation of its promise to pay therefor the sum so agreed to be paid, has refused to pay the same or any part thereof to the damage of the plaintiff in the amount for which he brings this suit.

To this count of the declaration the defendant replied specially, by reciting the statutes of the State of Tennessee relating to process and judgments in foreign attachment, and averring that in pursuance therewith, it instituted an action by foreign attachment in a court of competent jurisdiction in that state against the plaintiff in this action, trading as the machine company, upon the same agreement here declared upon and concerning the same machine here in controversy, to recover the portion of the purchase price it had paid for the machine and damages it had otherwise sustained because of an alleged breach of the machine company's warranty as to the capacity of the machine; that the process in that action was executed by attaching the machine and giving notice thereof by publication in the manner required by the law of Tennessee, and that thereafter the court proceeded to judgment and sale of the machine attached.

Further averring, that upon the legal execution of the process issued in the foreign attachment proceeding in Tennessee, the court in Tennessee fully acquired jurisdiction of both the property attached and of the person trading as the machine company, there made defendant, and that the judgment there rendered was final and conclusive against him of all matters there considered and determined; and that one of the matters considered and finally determined by the judgment in that action against the defendant was that the defendant machine company had not furnished and delivered to the oil company, the machine in accordance with the terms of the agreement, and it being so adjudged, the defendant oil company, for a defense in this action, here prays judgment by its plea, if the plaintiff in this action,

trading as the machine company who was the defendant against whom judgment was so rendered in Tennessee, ought to be admitted to aver, against the record of the judgment of the court of Tennessee, that he did at any time furnish and deliver to the defendant oil company the machine in accordance with the terms of the agreement.

To this plea the plaintiff trading as the machine company, demurred generally.

From the record of the Tennessee case it appears that the defendant in the action there instituted, trading as the machine company, was a nonresident of the state of Tennessee, that the form of the action was assumpsit and the nature of the process foreign attachment, and that the proceeding was begun by attachment of the property and notice by publication of the pendency of the action, and was determined without personal service upon, appearance entered or defense made by the defendant.

The oil company admits that the money feature of the judgment which it recovered in Tennessee against the plaintiff, trading as the machine company, is not here nor anywhere binding upon him and would not constitute the foundation of an action in debt or a defense by way of set-off in another action instituted elsewhere, but it contends and therefore pleads that the delivery of the machine was an issue before the Tennessee court of which it had jurisdiction to make a conclusive decision, that by its deliberate judgment it decided that issue against the defendant trading as the machine company and when that defendant in the Tennessee action became the plaintiff in this action in Delaware and sought to recover for the delivery of the machine which the court in Tennessee decided he had not delivered, he is here bound and estopped by the judgment against him in Tennessee so far as it relates to the issue of delivery there submitted and determined. In the abstract, therefore, the question presented is whether a judgment of a court of one state, rendered in an action of foreign attachment against a nonresident upon constructive service only, is such a final and conclusive adjudication of the questions involved (as distinguished from the disposition of the property attached)

as will constitute a bar to an action in another state between the same parties and with reference to the same matter of dispute.

[1-3]  The rule is unquestioned that when a court has jurisdiction of the subject-matter of a suit and of the parties to it, its judgment upon the merits of the controversy is conclusive between the parties upon every question of fact directly in issue and determined in the action, and that to such a judgment, whether declared upon as a cause of action or pleaded as a defense, the courts of all the states are bound to give full faith and credit.    Equally unquestioned at one time was the rule that when the jurisdiction of a court appeared by its record, it was likewise conclusive upon the parties, and the defendant could not plead against it that the court had not acquired jurisdiction of him (*Pritchett v. Clark*, 3 *Harr.* 241, 517; *Ibid*, 4 *Harr.* 280; *Ibid*, 5 *Harr.* 63); but whatever may at one time have been the impression to the contrary, it is now well and definitely settled, that to render a judgment recovered in the courts of one state final and conclusive in the courts of another state, under the provision of the Constitution of the United States, the court in which the judgment was recovered must in fact have had jurisdiction of the subject-matter of the suit, or of the cause of action, and of the parties to it, and particularly of the defendant; and when it assumes the character of an action or proceeding in *rem*, that it had jurisdiction of the *res* or the thing itself; for it has been broadly and distinctly ruled, by the unanimous opinion of the Supreme Court of the United States, that neither the full faith and credit provision of the Constitution nor the act of Congress passed in pursuance thereof, prevents any inquiry into the jurisdiction of the court by which a judgment offered or. to be offered in evidence was rendered (*Mitchell, Vance & Company v. Ferris & Company*, 5 *Houst.* 34; *Caldwell v. Armour & Company*, 1 *Penn.* 545, 43 *Atl.* 517; *Earthman's Adm'r v. Jones*, 2 *Yerg.* [*Tenn.*] 484; *Thompson v. Whitman*, 18 *Wall.* 457, 21 *L. Ed.* 897; *Knowles v. Logansport, G. & C. Co.*, 19 *Wall.* 58, 22 *L. Ed.* 70; *Pennoyer v. Neff*, 96 *U. S.* 714, 24 *L. Ed.* 565; *Wilson v. Seligman*, 144 *U. S.* 41, 12 *Sup. Ct.* 541, 36 *L. Ed.* 338; *St. Clair v. Cox*, 106 *U. S.* 350, 1 *Sup. Ct.* 354, 27 *L. Ed.* 222; *Empire v. Darlington*, 101 *U. S.* 87, 92, 25 *L. Ed.* 878; *Rubber Co.*

*v. Goodyear,* 9 *Wall.* 807, 810, 19 *L. Ed.* 828; *Galpin v. Page,* 18 *Wall.* 350, 367, 21 *L. Ed.* 959); but on the other hand, as a judgment has no greater force or effect abroad than at home, it is the duty of a court that is called upon to give faith to the judgment of another court, to inquire into the jurisdiction of that court and into the scope of its judgment, in order to ascertain exactly what degree of credit, if any, should be accorded it. As the judgment of the court of Tennessee is in this case so pleaded, that, but for this demurrer, it may be offered in evidence, not as a cause of action, but as a matter of defense conclusively estopping the plaintiff from proceeding in his action here, inquiry must be made into the nature of the Tennessee action, the jurisdiction of the Tennessee court and the scope and effect of the Tennessee judgment.

[4-6] The action in Tennessee was an action in the nature of an action in *rem,* instituted by process of foreign attachment, which at its inception, seized the property of the nonresident defendant, trading as the machine company, found within that jurisdiction, and held it subject to the determination of the proceeding. The object of the process of foreign attachment in Tennessee, as it is generally under similar laws in other states, was to acquire jurisdiction of the person of the defendant, who because of his nonresidence could not be reached by personal service, by taking from him his property found within its jurisdiction and thereby compelling him to appear and submit himself to the jurisdiction of the court in order to protect or regain it, or in default of his appearance, to acquire jurisdiction of the *res* or thing attached, so that it might ultimately be appropriated to the satisfaction of the judgment that might be rendered against him. *Blaney v. Randel,* 3 *Harr.* 546; *Reynolds v. Howell,* 1 *Marv.* 52, 59, 60, 31 *Atl.* 875; *Bellah v. Hilles,* 2 *Penn.* 34, 43 *Atl.* 89; *Wells v. Shreve's Adm'r,* 2 *Houst.* 329; *Geylin v. De Villeroi,* 2 *Houst.* 203. Such an attachment of the defendant's property without personal service upon him, as well as constructive service by publication, in such cases as the statutes of the states may provide, are held sufficient to enable courts of a state to subject property to their jurisdiction but insufficient as the foundation

of a personal judgment. *Cooley's Const. Lim.* 184-186; *St. Clair v. Cox*, 106 *U. S.* 350; 1 *Sup. Ct.* 354, 27 *L. Ed.* 222; *Earthman's Adm'r v. Jones*, 2 *Yerg.* (*Tenn.*) 484; *Boswell's Lessee v. Otis*, 9 *How.* 348; 13 *L. Ed.* 164; *Pennoyer v. Neff*, 95 *U. S.* 714, 24 *L. Ed.* 565; *Caldwell v. Armour*, 1 *Penn.* 545, 550, 43 *Atl.* 517. Such process is recognized as due process of law within the meaning of the fourteenth amendment of the Constitution of the United States, in so far as it reaches and affects the property of the defendant lawfully attached. By a suit thus instituted, in virtue of the state's jurisdiction over the property of the nonresident situate within its limits, its tribunals may inquire into the nonresident's obligations to its own citizens, but "the inquiry can then be carried only to the extent necessary to control the disposition of the property." *Pennoyer v. Neff*, 95 *U. S.* 714, 24 *L. Ed.* 565.

[7] When a suit is founded upon such process and is not affected by the defendant's subsequent appearance and the consequent change of its character from an action in *rem* to an action in *personam* with all the qualities and characteristics of a personal action begun by personal service (*Wells v. Shreve's Adm'r*, 2 *Houst.* 329, 370), and when it retains to the end its nature of an *ex parte* proceeding in *rem*, any judgment rendered therein is a judgment *quasi in rem*, and being an adjudication upon the status of the particular *res* of the action (2 *Smith's Leading Cases*, 430), amounts only to a judgment of condemnation against the thing attached.

Such a judgment, while final and conclusive as to the right, title and judicial disposition of the property attached (*Melhop v. Doane*, 31 *Iowa*, 397, 7 *Am. Rep.* 147; *Woodruff v. Taylor*, 20 *Vt.* 65; *Pennoyer v. Neff*, 95 *U. S.* 714, 24 *L. Ed.* 565; *Freeman v. Alderson*, 119 *U. S.* 185, 7 *Sup. Ct.* 165, 30 *L. Ed.* 372; 2 *Smith's Leading Cases* 430), is not personally binding upon the defendant, deprives him of none of his rights and leaves him in undisturbed possession of all of his property (save that attached and particularly subjected to the judgment), to be by him used or employed in any manner in which he could have lawfully used or employed them before the proceeding by attachment was begun (*Earthman's Adm'r v. Jones*, 2 *Yerg.* [*Tenn.*] 484; *Bliss v. Heasty*, 61 *Ill.* 338; *Fitch v. Huntington*, 125 *Wis.* 204, 102 *N. W.* 1066).

One of the property rights claimed by the plaintiff in this action, trading as the machine company, is a chose in action or a right to recover from the defendant oil company for its alleged failure to perform its undertaking in a contract made between them. If the precise question which the plaintiff here submits for determination has before or elsewhere been adjudicated in an action between the same parties, in which the plaintiff, trading as the machine company, had been personally served with process or had voluntarily appeared, then by the decision there rendered and by every issue thereby determined, the defendant therein, trading as the machine company, is bound in this action, and to that decision this court is compelled by the fourth article of the federal Constitution to give full faith and credit. As the judgment pleaded in this action, however, shows that the jurisdiction of the Tennessee court in the case there instituted, was limited to the particular property attached and did not extend personally to the defendant trading as the machine company, or affect his general rights or other property, the extent to which this court is bound to give faith and credit to the judgment of that court is governed and limited by the scope and character of that judgment. Being a judgment *quasi in rem*, its sole purpose and effect was to award the oil company a right of condemnation against the property attached, and upon all of the authorities, it is not such a judgment as can be the foundation of a personal action to which the courts of another state are bound to give full faith and credit. For the same reason, when such a judgment is pleaded as an adjudication that precludes the party against whom it was rendered from further proceeding in another action respecting the same subject matter, it possesses as evidence no greater force and is entitled to no greater credit than if offered as the foundation of a personal action.

The demurrer is sustained.