OMNIUM DE PARTICIPATIONS INDUSTRIES DE LUXE (S. A.), a corporation organized and existing under the laws of the Republic of Switzerland,

Plaintiff,

v.

ROLAND ALPHEE SPOTURNO, (Sometimes known as Roland Alphee Coty) and CHRISTIANE YVONNE CATHERINE SPOTURNO SEURIN, Administrators of Francois Coty, Deceased,

Defendants.

OMNIUM DE PARTICIPATIONS INDUSTRIES DE LUXE (S. A.), a corporation organized and existing under the Laws of the Republic of Switzerland,

Plaintiff,

v.

ROLAND ALPHEE SPOTURNO, (Sometimes known as Roland Alphee Coty) and CHRISTIANE YVONNE CATHERINE SPOTURNO SEURIN, Administrators of Francois Coty, Deceased,

Defendants.

YVONNE ALEXANDRINE COTNAREANU,

Plaintiff,

v.

ROLAND ALPHEE SPOTURNO, (Sometimes known as Roland

Alphee Coty) and CHRISTIANE YVONNE CATHERINE SPOTURNO SEURIN, Administrators of Joseph Marie Francois Spoturno, also known as Coty or Spoturno-Coty, Deceased,

Defendants.

YVONNE ALEXANDRINE COTNAREANU,
Plaintiff,

*v.*

ROLAND ALPHEE SPOTURNO, (Sometimes known as Roland Alphee Coty) and CHRISTIANE YVONNE CATHERINE SPOTURNO SEURIN, Administrators of Joseph Marie Francois Spoturno, also known as Coty or Spoturno-Coty, Deceased,

Defendants.

*(December 3, 1937.)*

HARRINGTON and RICHARDS, J. J., sitting.

*Paul Leahy* (of Ward and Gray) for Omnium de Participations Industries de Luxe (S. A.), a corporation organized and existing under the laws of the Republic of Switzerland.

*G. Burton Pearson, Jr.,* (of the office of Hugh M. Morris) for Yvonne Alexandrine Cotnareanu.

*C. Stewart Lynch* (of Biggs and Lynch) for defendants.

Superior Court for New Castle County, Foreign Attachment, Nos. 47, March Term, 1934; 74, March Term, 1934; 35, January Term, 1935, and 36, January Term, 1935.

HARRINGTON, J., delivering the opinion of the Court:

These cases are before us on the motions of the defendants, the administrators of Joseph Marie Francois Spoturno, sometimes known as Coty, or Spoturno-Coty, to vacate and set aside the plaintiffs' writs of attachment and the service and returns thereon in the foreign attachment proceedings instituted by them against the defendants' intestate, during his lifetime.

A foreign attachment is purely a statutory proceeding, *Rev. Code* 1935, §§ 4630-4635; see, also, *Rev. Code* 1935, § 2124, but the statute is based on the custom of London merchants in the early days of the common law. *McLaughlin v. Bahre*, 5 *W. W. Harr.* (35 *Del.*) 446, 166 *A.* 800; *Cantor v. Sachs*, 18 *Del. Ch.* 359, 162 *A.* 73; *Lutz v. Roberts Cotton Oil Co.*, 3 *Boyce* (26 *Del.*) 227, 82 *A.* 601; see, also, *Spoturno v. Woods*, 8 *W. W. Harr.* (38 *Del.*) 378, 192 *A.* 689.

Under such a proceeding, the property óf a nonresident debtor found in the State may be seized in order to compel him to appear in the action to take steps to protect or regain his property, and thereby submit himself to the jurisdiction of the Court; and if the defendant fails to appear, the proceeds of the property seized under the writ will be ultimately appropriated to the satisfaction of any judgment that may be entered against him. *Lutz v. Roberts Cotton Oil Co.*, 3 *Boyce* (26 *Del.*) 227, 82 *A.* 601; *McLaughlin v. Bahre*, 5 *W. W. Harr.* (35 *Del.*) 446, 166 *A.* 800; *Cantor v. Sachs*, 18 *Del. Ch.* 359, 162 *A.* 73.

In the absence of any appearance by the defendant, the proceeding is, therefore, in the nature of an action in rem, and, being merely an adjudication upon the status

of the particular property seized in the action, only amounts to a judgment of condemnation against that property. *Lutz v. Roberts Cotton Oil Co.,* 3 *Boyce* (26 *Del.*) 227, 82 *A.* 601; *McLaughlin v. Bahre,* 5 *W. ·W. Harr.* (35 *Del.*) 446, 166 *A.* 800; *Cantor v. Sachs,* 18 *Del. Ch.* 359, 162 *A.* 73.

Without the appearance of the defendant, such process is recognized as due process of law within the meaning of the *Fourteenth Amendment* to the *Constitution of the United States,* in so far as it reaches and affects the property of the defendant "lawfully attached." *Lutz v. Roberts Cotton Oil Co.,* 3 *Boyce* (26 *Del.*) 227, 82 *A.* 601; *McLaughlin v. Bahre,* 5 *W. W. Harr.* (35 *Del.*) 446, 166 *A.* 800.

But, in order to sustain a judgment entered against the defendant in a proceeding in rem, on in the nature thereof, such as a foreign attachment, the nature and character of the property, or right or interest therein attached, must be such that some reasonable inference of notice to him can be drawn from its seizure. *Spoturno v. Woods,* 8 *W. W. Harr.* (38 *Del.*) 378, 192 *A.* 689; *McLaughlin v. Bahre,* 5 *W. W. Harr.* (35 *Del.*)˙ 446, 166 *A.* 800.

*Section* 4634 of the *Code of* 1935, among other things, provides: "In all cases where the defendant has appeared, like proceedings shall be had as in cases begun by summons."

As was aptly pointed out by Judge Woolley, in *Section* 1294 of his *Work on Delaware Practice,* by reason of this statutory provision, if the defendant enters an appearance in the attachment action within the time and in the manner prescribed by the statute, "the process has performed its office for all the purposes of the case in which it was issued, for the action then becomes an action in *personam* and assumes the qualities and characteristics of such an action, and is to be prosecuted and conducted in all

respects the same as if the defendant had been served with process of summons."

The same *Section* of the *Code of* 1935 further provides: "That the lien upon the property seized under said writs of foreign attachment shall in no respect be disturbed or affected by the entry of such an appearance, defense and proceedings thereupon as hereinabove provided, but shall remain as security *pro tanto* for the satisfaction of any personal judgment secured against a defendant so entering an appearance, for every plaintiff in a foreign attachment shall have the benefit of his own discovery, and after judgment may proceed by order of sale," etc.

In *Cooper v. Reynolds,* 10 *Wall.* 308, 309, 318, 19 *L. Ed.* 931, the court, in commenting on a somewhat similar statutory provision, aptly said: "If the defendant appears the cause becomes mainly a suit in *personam,* with the added incident; that the property attached remains liable, under the control of the court, to answer to any demand which may be established against the defendant by the final judgment of the court." See, also, *Waples on Attachment, 2d Ed.,* § 669.

None of these general principles are disputed by either party to these actions.

■ A general appearance by the defendant in an action in a court having jurisdiction of the subject matter confers jurisdiction over his person, regardless of the fact that process was not served on him, or that such process or its service may have been defective in some particular. 3 *Amer. Jurisp., p.* 803. But in most cases, where he appears generally, his position with respect to material defences is precisely the same as it would have been if he had been brought into court by the service of process in the regular manner. 3 *Amer. Jurisp., p.* 803.

■ ■ It is a well settled general rule that jurisdiction

of a court over the subject matter cannot be conferred by the consent or agreement of the parties, nor can the want of such jurisdiction be waived. It, therefore, necessarily follows that a general appearance by a defendant does not of itself confer on the court jurisdiction over the subject matter. 3 *Amer. Jurisp., p.* 802. Applying that rule, if the attachment lien is absolutely void, a general appearance by the defendant will not usually cure that defect. By appearing generally, the defendant admits that proper steps have been taken to bring him personally into court, but though the proceeding was begun by an attachment, certainly in most cases, he does not admit the right of the plaintiff to seize the alleged property rights or interests attached, if the attachment is absolutely void. *Heckscher v. Trotter,* 48 *N. J. L.* 419, 5 *A.* 581; *Third National Bank, etc., v. Garton,* 40 *Mo. App.* 113; 6 *C. J.* 478; see, also, *Moore v. Richardson,* 65 *N. J. L.* 531, 47 *A.* 424; *Sullivan v. Moffat,* 68 *N. J. L.* 211, 52 *A.* 291; *Woodfolk v. Whitworth,* 45 *Tenn.* (5 *Cold.*) 561.

In *Heckscher v. Trotter,* 48 *N. J. L.* 419, 5 *A.* 581, 585, *supra,* the court said: "Nor should the defendant's appearing and pleading in the action impair his right to investigate the propriety of the plaintiff's claim to a special statutory lien upon his property. By appearing generally the defendant acknowledges that due steps have been taken to bring him personally into court to answer whatever demands the plaintiff may lawfully present in such an action as he has instituted, and by pleading the defendant confines the inquiry touching his personal liability to the issues which his pleadings raise; but neither of these concessions seems to involve an obligation to leave his property charged with a lien for which there was no lawful warrant."

In *Spoturno v. Woods,* 8 *W. W. Harr.* (38 *Del.*) 378, 192 *A.* 689, the Supreme Court held that the attachment of all of precisely the same alleged right, title and interest

of the defendant in certain shares of the capital stock of Coty, Inc., the certificates for which were registered on the books of that corporation in the names of Lee & Co. and Hurley & Co., was void.

In that case, the court conceded that the language of the attachment statute, as amended (*Rev. Code* 1935, § 2124) was broad enough to permit the seizure by a court of law of an equitable right or interest in shares of capital stock, but held that because the alleged interest of Spoturno, or Coty, or Spoturno-Coty, in Coty, Inc., did not appear on the books of that corporation, no notice to him could be reasonably inferred from the implied seizure under the writ of attachment, and that the proceedings, therefore, violated both *Section* 1 of the due process clause of the *Federal Constitution, Amendment* 14, and the *Bill of Rights, Article* 1, § 7, of the *Constitution of the State of Delaware.*

Our conclusion, therefore, is that the attachments in these actions were void, and must be vacated and set aside. Because of the appearance of the original defendant during his lifetime, it is admitted, however, that the plaintiffs' actions can still be prosecuted to judgment if the facts proved shall justify it.