ANDREW H. McNEAL v. MAYOR AND CITY COUNCIL OF
GLOUCESTER CITY.

Fifteen days must intervene between the day of service and the return day of a summons, in an action against a municipal corporation.

On motion to set aside the service of a summons.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the motion, *Thomas E. French.*

The opinion of the court was delivered by

REED, J. This action is against a municipal corporation incorporated as a city.

The service of the summons was made six days before the return day named therein. The motion to set aside the service is made upon the ground that a city cannot be brought into court by a six days' service. The service was obviously made upon the notion that the service which is provided for in section 49 of the Practice act (*Rev., p.* 855), in cases of actions against persons, applies also to actions against municipal corporations. But the directions contained in section 49 cannot apply to municipal corporations, for the latter have no dwelling or usual place of abode. The provisions of section 49 cannot be extended so as to include corporations even by force of section 300 of the Practice act (*Rev., p.* 893), for the conditions of the two subjects are repugnant to such construction.

There are statutory directions for the service of process upon private corporations and upon certain *quasi* municipal corporations. Touching the service on domestic corporations, provision is made in the act concerning corporations (*Rev., p.* 193, § 87), and concerning service upon foreign corporations, in section 88 of the same act. The provisions are, that service is to be made upon certain officers or agents of the corporation six days before the return day of the process. In actions against townships, the act of incorporation (*Rev., p.* 1193, § 3) provides for thirty days' service upon the clerk before the return of process. The same period is indicated, in the third section of the act incorporating chosen freeholders (*Rev., p.* 128), as the statutory time to intervene between service upon the director or clerk of the board and the return of the writ in an action against a county.

Concerning actions against municipalities other than the above *quasi* municipal bodies, there is no statutory provision, nor is there, so far as I have any judicial knowledge, any uniform usage which has existed for a period which would

import a local law touching the time of service upon such corporation. This condition of affairs naturally compels us to resort to the rules of the common law practice in the Court of King's Bench. The rule which there prevails seems to have been such that fifteen days was the shortest interval permitted between service and return.

Mr. Tidd says, that "there must, in general, be fifteen days between the teste and the return of the original writ, the law requiring that distance of time between the service and the return." 1 *Tidd* 107.

Measured by this rule, the period of six days was too brief, and the service must be set aside.