## LOGAN v. LAWSHE.

Submitted July 12, 1898—Decided November 7, 1898.

1. In virtue of section 41 of the Practice act (*Gen. Stat., p.* 2540), which provides that courts of law shall always be open, except on Sunday, for the return of all writs and processes in civil actions, &c, the return of writs of *capias* in vacation is authorized.

2. Affidavits setting out as plaintiff's cause of action the seduction of his daughter, who was under the age of sixteen, are sufficient to warrant an order of arrest without disclosing any special cause for such order. In *Benson* v. *Bennett,* 1 *Dutcher* 166, 172, the practice in this respect was established in this court.

3. The common law rule requiring fifteen days between the test and return of the writ grew out of considerations long since obsolete. It was superseded by our statutory provisions regulating the service and return of writs. Even under the common law practice the objection that less than fifteen days intervened between the test of a writ of *capias* and the day of its return was waived where the defendant appeared and filed special bail.

4. If there be infirmities in the writ of *capias* or the order for bail, the proper practice is to apply to the court or a judge to allow further time for filing special bail, pursuant to section 72 of the Practice act, which may be granted on terms either that special bail may be filed without waiver of objections to the preliminary proceedings or allowing further time to file special bail.

On motion to set aside an order to hold to bail and quash the writ of *capias ad respondendum* issued thereon.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the plaintiff, *W. Holt Apgar.*

For the defendant, *Edwin Robert Walker.*

The opinion of the court was delivered by

DEPUE, J. This was an action brought by a father for the seduction of his daughter, whereby she became pregnant with child. The order for bail was made April 10th, and the *capias* issued that day. It was made returnable on the 20th of April and returned by the sheriff with the defendant in custody. On the return day, or the day after, special bail was filed by the defendant. On the 9th of May exceptions to the special bail were filed in the clerk's office and notice given to the defendant's attorney. On May 10th notice was given of motion to quash.

The reasons for setting aside these proceedings are—

*First.* Because the writ was returnable upon a day in term and not to the next stated term of the court after the test of the *capias.* Section 41 of the Practice act (*Gen. Stat., p.* 2540), which provides that courts of law shall always be open (except

on Sunday) for the return of all writs and process in civil actions, except writs of error, *certiorari, mandamus* and *quo warranto,* is an answer to this objection. The language of this section is so comprehensive as not to require construction. It relates to the return of all writs and process in civil actions except the writs that are named. In *Leigh* v. *Alpaugh,* 4 *Zab.* 629, this court held that a *capias ad respondendum* returnable in vacation was void. This decision was made before the act which is now section 41 of the Practice act was passed. The practice in this respect at that time was regulated by the acts of 1852 and 1854, neither of which concerned the return of writs. The act of 1854 was the only act that contained any provision on that subject, and that act simply provided that the Circuit Court and Courts of Common Pleas should be open at all times for the presenting, allowance and return of writs of error, *certiorari* and *supersedeas* thereon. *Pamph. L., p.* 259.

*Second.* That the affidavits upon which the order of arrest was founded contain no evidence that would justify the awarding of a *capias ad respondendum.*

The cause of action, as set out in the affidavits, is the seduction of the plaintiff's daughter, who was under the age of sixteen. In *Benson* v. *Bennett,* 1 *Dutcher* 166, 172, the practice in this respect was established in this court, which has been followed ever since. The rule laid down in that case is that in an action in tort, to warrant an order for bail, the affidavit must not only disclose a good cause of action, but some special cause for ordering the bail. This rule, it was held, was subject to two exceptions—where the cause of action was founded upon an outrageous battery or mayhem, and in actions for seduction. The exception of actions for seduction from the general rule was re-affirmed by this court in *Wert* v. *Strouse,* 9 *Vroom* 185. These decisions have settled the practice in this court and they govern this case.

*Third.* That there were not fifteen days between the test of the writ and the day of its return. The common law rule is stated by Mr. Tidd in these words: "There must in general

be fifteen days between the test and the return of the original writ, the law requiring that distance of time between the service and the return." 1 *Tidd* 107. It will be observed from this quotation that the fifteen days between the test and return had relation to the length of time the service was required to be made before the return day, and that it was the length of time between the service and the return that determined the time that should intervene between the test and the return of the original writ. In *McNeil* v. *Gloucester City*, 22 *Vroom* 444, the action was against a municipal corporation, and there was no statute regulating the service of process upon corporations like the defendant; and hence this court adopted the common law practice of requiring fifteen days as the shortest interval permitted between the service and the return of the writ. The decision in that case rests upon peculiar grounds, and the inference is not justified that the court would set aside a writ regularly issued, regularly served and obeyed by the defendant, because of the non-observance of a common law formality growing out of reasons long since obsolete.

The ancient English practice was founded upon the *Statute of Marlb.*, c. 12, which was in affirmance of the common law. The fifteen days that appeared in the writ between its test and return were the fifteen days required for service. "And," as Lord Coke says, "the cause whereof the common law set down the certain time of fifteen days was for that a day's journey is accounted in law twenty miles, * * * and therefore fifteen days was accounted by the common law a reasonable time of summons or attachment, within which time, wheresoever the court of justice sat in England, the party summoned or attached, wheresoever he dwelt in England before the king's writ did come, might by the said account of days' journey appear in court." 2 *Inst.* 567. The reason of this common law rule of practice having vanished, there is no ground upon which this court should be controlled by the dry husk of an obsolete precedent. The rule was superseded by the statutes which regulate the service and return of writs. Even by the English practice of proceeding by an original and a

summons issued upon it, if there be less than fifteen days between the test and the return of the process it may be amended and will be aided by the defendant's appearing and pleading to the action. *Carty* v. *Ashley*, 3 *Wils.* 454; *Wilmot* v. *Tiler*, 1 *Salk.* 63; 1 *Ld. Raym.* 671; 1 *Tidd* 123, 147.

The defendant appeared to the writ and filed special bail. The practice appears to be quite settled that an appearance in conformity with the purpose of the writ is a waiver of all defects, at least those that are formal, either in the process or in the service. *Ayers* v. *Swayze*, 2 *South.* 812; *Cornell* v. *Matthews*, 3 *Dutcher* 522, 524; *Clifford* v. *Overseers of the Poor*, 8 *Vroom* 152. Section 65 of the Practice act, which declares that the filing of special bail shall be no waiver, relates only to an application for an order to take testimony concerning the truth of the affidavits upon which the order for bail was made. *Gen. Stat., p.* 2545. If there be infirmities in the writ of *capias* or the order for bail, the proper practice is to apply to the court or a judge to allow further time for filing special bail, pursuant to section 72 of the Practice act, which may be granted on terms either that special bail may be filed without waiver of objections to the preliminary proceedings or allowing further time to file special bail. *Gen. Stat., p.* 2546.

The motion is denied.