*36 Vroom.* Moore v. Richardson & Baldwin.

On contract. On rule to show cause why venue should not be changed.

Before Justice VAN SYCKEL.

For the rule, *Martin Wyckoff*.

*Contra, John L. Conard.*

I. WHILDEN MOORE v. RICHARDSON & BALDWIN.

Argued June 5, 1900—Decided November 12, 1900.

1. After bond given and appearance entered in attachment, the writ of attachment will not be quashed, but if it clearly appears that it is sued out wholly for a claim for which attachment will not lie,

or against a person who is not subject to attachment, the property attached will be discharged from the lien attempted to be imposed upon it.

2. If there is a question of fact as to the existence of a claim for which attachment will lie, the plaintiff is entitled to go to a jury upon it, and the lien will not be vacated.

On attachment.

Before Justice VAN SYCKEL.

For the plaintiff, *Walter H. Bacon.*

For the defendants, *Edward A. Armstrong.*

The opinion of the court was delivered by

VAN SYCKEL, J. In January, 1900, the plaintiff filed his affidavit in the Supreme Court setting forth that the defendants were non-residents, and that they owed him the sum of $5,000.

The defendants subsequently gave bond to the sheriff, in accordance with section 33 of the Attachment act, and entered their appearance to the action.

The plaintiff thereupon filed his declaration, to which the defendants pleaded, and the trial of the cause was noticed for May Term of the Cumberland Circuit.

At the opening of the May Term the defendants obtained a rule to show cause, returnable to June Term of the Supreme Court, 1900, why the attachment should not be quashed. Leave was given to both parties to take affidavits.

No affidavits have been taken by either party under that rule.

The affidavit upon which the rule was granted set forth that the claim made by the plaintiff arose out of a contract in writing, of which the following is a copy:

"BRIDGETON, N J.

"This agreement made the above date between I. Whilden Moore, party of the first part, of Bridgeton, N. J., and Rich-

ardson & Baldwin, parties of the second part, of Baltimore, Maryland.

"Party of the first part agrees to furnish parties of the second part cobs and driving horses under the following conditions:

"That parties of the second part are to care, feed, sell and assume the responsibility after horses have left the stable of party of the first part. Party of the second part agrees to assume responsibility in case of accident or death to the amount of actual cost to the party of first part, horse and horses; and it is also agreed by parties of the second part to pay party of the first part upon the sale or exchange the amount of actual cash as specified by parties, amount of actual cost as specified by parties of the first part, with one-half profit above amount of actual cost to party of first part.

"And it is further understood, that the said horses are the property of the party of the first part until paid for as agreed upon as in this agreement. This contract is subject to annullment at option of party of first part.

"I. WHILDEN MOORE,          [SEAL.]
"RICHARDSON & BALDWIN.    [SEAL.]
"Witness—S. D. RICHARDSON.    [SEAL.]"

And that, at the time the writ of attachment was issued, the defendants were not indebted to the plaintiff for a debt of definite amount, but, if for anything, it was for unliquidated damages.

At the June Term of the Supreme Court the plaintiff moved to discharge the rule to show cause, and the question thereby presented for decision is whether that motion should be granted.

That motion might prevail on the ground that the defendants did not prosecute the rule with due diligence, but I will not dispose of it upon that narrow ground. The question submitted must, however, be disposed of upon such facts as are submitted to the court.

The plaintiff relies upon the case of *Connelly* v. *Lerche,* 27 *Vroom* 95, in support of the proposition that the attach-

ment suit is transformed into a suit begun by summons by the defendants' appearance to the action, and that, after appearance, motion to quash will be denied.

Mr. Justice Abbett, who delivered the opinion of the court in that case, cited in support of it *Jackson* v. *Johnson,* 22 *Vroom* 457, and *Davis* v. *Megroz,* 26 *Id.* 427.

The defendants rely upon the case of *Hecksher* v. *Trotter,* 19 *Vroom* 419.

In that case the defendant appeared in pursuance of section 38 of the Attachment act, without giving bond.

After appearance, a rule to show cause was granted why defendant's property should not be released from the lien of the attachment upon giving bond for such sum as constituted a debt for which attachment would lie, the claim appearing to be for unliquidated damages. The rule was made absolute, but the attachment was not quashed.

Mr. Justice Dixon, in delivering the opinion of the court, said:

"Nor should the defendant's appearing and pleading in the action impair his right to investigate the propriety of the plaintiff's claim to a special statutory lien upon his property. By appearing generally, the defendant acknowledges that due steps have been taken to bring him personally into court to answer whatever demands the plaintiff may lawfully present in such an action as he has instituted, and by pleading, the defendant confines the inquiry touching his personal liability to the issues which his pleadings raise, but neither of these concessions seems to involve an obligation to leave his property charged with a lien for which there is no lawful warrant."

Mr. Justice Abbett, in *Connelly* v. *Lerche, supra,* did not refer to the case of Hecksher *v.* Trotter, and while there is an apparent inconsistency between these cases, they are not, in fact, irreconcilable.

The court, in Connelly *v.* Lerche, refused to consider the reasons upon which the motion to quash was grounded, because an appearance had been entered. What those reasons were do not appear in the opinion, but probably they consisted of irregularities in suing out the writ.

That the court did not intend to declare that a writ of attachment would not be quashed after appearance if it was undisputed that it was prosecuted against a person not subject to attachment, or for a demand for unliquidated damages, appears by another case disposed of in the opinion in Connelly *v.* Lerche, in which the writ was quashed because the defendants were not subject to attachment.

I therefore accept the opinion of Mr. Justice Dixon in Hecksher *v.* Trotter as the correct exposition of the law.

He did not in that case, as before observed, quash the writ, but released the attached property from any lien for the claim so far it was one for unliquidated damages.

Under the agreement before set forth there may be a claim capable of being ascertained which constituted a debt for which attachment will lie. Some of the horses may have died or been sold by the defendants before the filing of the affidavit in attachment. The plaintiff has a right to go to a jury upon this question of fact and establish a debt due from defendants if he can.

The case *sub judice* differs from the cases cited in this respect—that the bond is given under section 33 of the Attachment act to the sheriff, who is required to assign it for the benefit of the plaintiff and any applying creditors.

The sum recovered under it will be for the benefit of all applying creditors. *Hanness* v. *Smith,* 2 *Zab.* 332.

The motion to quash the writ is refused, and the rule to show cause is discharged, with costs.