HOWARD M. COOPER v. THE MAYOR AND COUNCIL OF CAPE MAY POINT.

Submitted November 9, 1901—Decided February 24, 1902.

1. Service of summons on the clerk and the three members of council of Cape May Point is sufficient service, there being no mayor, the service being made fifteen days before the return day, in accordance with the common law practice.

2. By service of a copy of the declaration upon the same officers, the plaintiff was entitled to enter judgment by default after the lapse of thirty days.

On application to open judgment.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *Norman Grey.*

For the defendants, *David J. Pancoast.*

The opinion of the court was delivered by

VAN SYCKEL, J.  This is an application by members of the common council of Cape May Point to open a judgment entered by default in the above-stated cause on the 5th day of December, 1899.

Application for the rule in this case was made May 29th, 1901.

To justify the granting of such motion both surprise and merits must be shown, where the judgment has been regularly entered.  *Herbert* v. *Hendrickson, 9 Vroom* 296.

After the entry of the judgment and return of the execution unsatisfied, the plaintiff applied for a *mandamus* to compel the appointment of an assessor and collector of the said borough to raise the money necessary to satisfy said judgment.

The borough council resisted this application on the ground that the act of 1899 (*Pamph. L., p.* 534) was invalid, under which the borough, which had been incorporated under an unconstitutional law, was made liable for the payment of its debts.

The Supreme Court pronounced the act of 1899 to be unconstitutional.

That decision was reversed by the Court of Errors and Appeals, and thereupon the *mandamus* was issued.  *Cooper* v. *Springer,* 36 *Vroom* 594.

In obedience to the *mandamus* an assessor and collector were appointed.  An *alias fieri facias* was served upon them, whereupon the council obtained the rule to show cause why the judgment should not be opened.

The reasons relied upon by the defendants will be considered.

*First.* It is insisted that the summons was not served on the mayor or other head officer of the borough as required by law.

The summons was served upon the clerk and the three members of council fifteen days before the return day. There was no mayor; the clerk and the three councilmen were all the surviving resident officers of the borough.

The act of 1899, by its third section, provides that it shall be construed in the most liberal manner by all courts of judicature for the protection of creditors.

The borough attempted to defeat the collection of the obligations it had incurred under its illegal organization by failing to elect a mayor. In the absence of a mayor, the clerk and the three councilmen should be regarded as the head officers of the borough for the purpose of receiving service of a summons. The service was in accordance with the common law practice, no manner of service being prescribed by statute. *McNeal* v. *Gloucester City,* 22 *Vroom* 444; *Logan* v. *Lawshe,* 33 *Id.* 568.

*Second.* The second reason relied upon by defendants is that judgment was unlawfully entered by default in thirty days after service of a copy of the declaration upon the clerk and councilmen personally.

The insistment is that section 320 of the Practice act (*Gen. Stat., p.* 2587) does not apply to this defendant, and that therefor it had sixty days from the return day of the summons in which to file a plea.

The case of *McNeal* v. *Gloucester City,* 22 *Vroom* 444, is relied upon.

That case relates to the service of a summons on a municipal corporation, in which it was properly held that section 49 of the Practice act (*Gen. Stat., p.* 2541) does not apply to such corporate defendant, and also that section 300 (*Gen. Stat., p.* 2582) could not extend the provisions of section 49 to include corporations, because the conditions of the two subjects are repugnant to such construction.

The only provisions in the Practice act authorizing service of a copy of the declaration upon a corporation, and the entry of judgment in thirty days thereafter, are sections 320 and 106.

Section 320 authorizes a judgment after thirty days from service; section 106 provides the manner of service as follows:

"Service of a copy of the declaration may be made where the defendant is a corporation by delivering the same to the president or other head officer, or to the secretary or clerk thereof personally or by leaving the same at his dwelling-house or place of abode."

The corporations specified in this section are such corporations as have a president and secretary. Private corporations only have a president and secretary, and, therefore, in my judgment, this language does not apply to municipal corporations.

In *Dock* v. *Elizabethtown Manufacturing Co.,* 5 *Vroom* 312, Mr. Justice Depue, in an opinion in the Supreme Court, construed the thirty-fifth section of the Practice act of 1855 (*Nix. Dig., p. 737, pl.* 155) in its relation to the service of a copy of the declaration upon a private corporation. That section provided that if the plaintiff, after the defendant is in court, filed his declaration sooner than required by law, and served a copy on the defendant, the plea or demurrer should be filed in thirty days after such service, or judgment might be entered against him.

Section 106 of the present Practice act (*Gen. Stat., p.* 2551) had not then been passed; it became part of the Practice act in 1872. *Pamph. L., p.* 37.

Before 1872, under the common law rule, personal service was necessary. The service in the case in 5 *Vroom* was made upon the bookkeeper of the defendant corporation.

Mr. Justice Depue held that as the law was silent as to the mode of service, the service might be made personally upon a natural person, or upon a private corporation, or upon the agent of either, where his duty is to communicate the fact of service to his principal. The service was deemed to be insuffi-

cient in that case because the person upon whom service was made was not such an agent.

After the decision in that case, which was in 1870, the act of 1872 was passed, now section 106 of the Practice act, authorizing service to be made personally or by leaving the copy at the dwelling-house of an individual defendant, or personally upon the president, in case of a corporation, or by leaving it at his dwelling-house. This gave a manner of service in addition to that required at common law.

In the case cited it was insisted by the defendant that a corporation could not be served with a copy of the declaration because the statute provided a mode of serving a summons, and did not prescribe any way in which the declaration should be served. The court held that the statute had no application beyond the first process in the cause, and declared that if service can be made upon a corporation by any legal method, it may be brought within the operation of the thirty-fifth section of the act of 1855, now section 320 of the Practice act.

A doubt was expressed whether service could lawfully be made upon the agent of a municipal corporation.

As before stated, section 106 of the Practice act does not pertain to municipal corporations. Its language is that the service mentioned in section 105 (for which section 320 has been substituted) may be made as therein provided. The common law mode of service upon the person is not excluded, but another mode is added.

I find no general statute directing the manner in which a summons or a declaration shall be served upon a municipal corporation, and therefore the common law practice must be pursued. *McNeal* v. *Gloucester City, supra; Logan* v. *Lawshe,* 33 *Vroom* 568.

The summons in this case having been legally served, and jurisdiction thereby acquired, a like service of a copy of the declaration should be held to be sufficient. Section 320 of the Practice act applies to all cases where the declaration has been duly served, and the plaintiff was therefore entitled to enter judgment after the lapse of thirty days, under the declaration of the court in the case in 5 *Vroom*, that if service

can be made by any legal method, the defendant is within the operation of the statute. Personal service was the legal method of service at common law.

No injustice appears to have been done to the defendants in computing the amount due upon the bonds which are the basis of the action, and they should not now be permitted to repudiate the bonds which they have issued and disposed of and to which it does not appear that they have any just defence. In the exercise of a just discretion, the application to open the judgment should, after so much laches, be denied, with costs.