68 211
70 367

JOHN I. SULLIVAN v. ALEXANDER MOFFAT ET AL.

Submitted March 20, 1902—Decided June 9, 1902.

1. A motion to release property from the lien of an attachment, on the ground that the plaintiff's claim is one for which an attachment cannot lawfully be issued, may be made after a general appearance has been entered by the defendant.

2. The claim, as stated in this case, is one for which an attachment may lawfully be issued.

On motion to release property from the lien of an attachment.

Before Justices DIXON and COLLINS.

For the plaintiff, *Garrison, McManus & Enright.*

For the defendants, *Charles W. Parker.*

The opinion of the court was delivered by

DIXON, J.   On November 21st, 1901, a writ of attachment was issued at the suit of the plaintiff against the defendants, and on December 14th the defendants, without giving bond, entered a general appearance to the action.   They now move that the property attached be released from the lien of the writ, on the ground that the plaintiff's demand, as set forth in his declaration and bill of particulars, is for unliquidated damages.

The plaintiff insists that this motion is precluded by the general appearance, and cites the decisions in *Connelly* v. *Lerche,* 27 *Vroom* 95, and *Watson* v. *Noblett,* 36 *Id.* 506, to support the position.   But those cases are not apt for the present purpose.   In each the motion was to quash the writ and so to end the suit.   Manifestly that should not be done after a general appearance, for the writ had accomplished part of its purpose by bringing the defendant into court.   But there is a plain distinction between quashing the writ and releasing property unlawfully attached under it, which is sufficiently pointed out by the opinions in *Heckscher* v. *Trotter,* 19 *Id.* 419 and *Moore* v. *Richardson,* 36 *Id.* 531.   We must therefore entertain the motion.

The plaintiff's claim is for the contract price of furnishing the cut marble work of a building—$6,950—less certain specific deductions, set forth as follows:

"Amount which it would have cost plaintiff to
 furnish and perform so much of said marble
 work as remained unfinished, viz.,

| | | |
|---|---:|---:|
| 'Furnishing 175 feet of cut marble, delivered on the premises, at $3.25 . . . . . . . . | $575 | 00 |
| 'Fitting . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 200 | 00 |
| 'Setting . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 200 | 00 |
| 'Contract price agreed to be paid by plaintiff to sub-contractor for all carved work, | 760 | 00' |
| "Cash paid by defendants to plaintiff. . . . . . . . . . | 500 | 00 |
| "Cash expended by defendants for plaintiff. . . . . | 1,276 | 77 |
| | $3,511 | 77" |

which being deducted from the contract price, $6,950, left
$3,438.23 still due the plaintiff.

Each item in this account is of such a nature as to be capable of supporting a writ of attachment. The price which forms the basis of the plaintiff's claim is a precise sum fixed by contract. The deductions to be made therefrom are for cash paid, and for materials to be furnished and labor to be performed at the expense of the defendants, the cost of which appears on the face of the account to be certain and presumably can be ascertained by some definite standard. If the defendants had done this work and furnished these materials for the plaintiff, a debt would thereby have been created for which attachment would lie. *Boyd* v. *King,* 7 *Vroom* 134, 138; *Hecksher* v. *Trotter,* 19 *Id.* 419; *Anspach* v. *Spring Lake,* 29 *Id.* 136. The allowance of these matters by the plaintiff is equivalent to the actual creation of such a debt. Consequently, as the items on both sides of the account are each sufficiently certain to support attachment, the balance derived from those items must have the same efficiency.

It may be that the plaintiff will not be able to prove his claim to be as definite as it is stated, but since the defendants base their motion on the statement, we must accept that as the exact truth.

The motion to release the property from the lien of the attachment is denied, with costs.