ANTHONY LAURA, RESPONDENT, v. LOUIS PUNCERELLI ET AL., PROSECUTORS.

Argued November 17, 1917—Decided December 10, 1917.

1. A writ of attachment will not be quashed where the state of demand claims a specific sum which it is said the defendant agreed to pay in full settlement of a claim for damages for negligence, when, at the trial, after a special appearance, there was some evidence from which the court might infer that the defendant, in order to avoid publicity in the police court, agreed to see that it was "fixed all right."

2. Where a defendant enters a special appearance to a writ of attachment, but took part in the trial of the case to the extent of cross-examining a witness as to the merits, such participation was equivalent to a general appearance.

---

On *certiorari*.

Before Justice SWAYZE, by consent under the statute.

For the prosecutors, *DeGraw & Murray*.

For the respondent, *John L. Platoff*.

The opinion of the court was delivered by

SWAYZE, J.   An attachment was issued in favor of Anthony Laura against Louis Puncerelli under the District Court act. The defendant entered a special appearance, reserving the right to except to the jurisdiction of the court and gave bond in accordance with the statute, not waiving his right to have the writ quashed.   He now moves to have it quashed because the state of demand claims damages for negligence in driving an automobile, and also claims a specific sum which it is said the defendant agreed to pay in full settlement of the plaintiff's claim.   Part of this demand is for unliquidated damages and part is for liquidated damages.   Obviously, under our decisions, the writ of attachment cannot be quashed.   *Moore v. Richardson,* 65 *N. J. L.* 531; *Sullivan* v. *Moffatt,* 68 *Id.* 211.   It is said, however, that the testimony fails to show any agreement for liquidated damages and that this claim in the state of demand is a mere subterfuge to justify the awarding the attachment.   An examination, however, of the evidence shows that there was some evidence from which the court might infer that the defendant in order to avoid publicity in the police court, agreed to see that it was "fixed all right," which, it might well be inferred, was an agreement to pay the expense of repairs, and while the amount was not definitely fixed, it was an amount that would readily be ascertained when the repairs were made.

I think, therefore, that the attachment could not properly be quashed.   It is also to be said that the defendant took part in the trial of the case to the extent of cross-examining a witness as to the merits.   This, I think, was equivalent to a general appearance.   4 *Corp. Jur.* 1320, citing *Rahn* v. *Greer,* 37 *Iowa* 627.   The proceedings, therefore, will be affirmed, with costs.