FELIX FERENGA v. EMANUEL MOSKOWITZ.

Decided March 31, 1923.

**Bail—Cash—Application of on Judgment—Proof of Fraudulent Intent—Discharge from Custody.**

For the plaintiff, *Freeman Woodbridge.*

For the defendant, *Harry Unger.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff caused defendant to be arrested and held to bail based on an order for bail allowed by a Supreme Court commissioner. Instead of giving a bond, with surety, defendant deposited, as the statute permits, cash to the amount of bail fixed by the commissioner, which was paid to the clerk of the court, filed his answer to the complaint, and defended on the merits against plaintiff's claim, which resulted in a judgment for plaintiff, who then obtained a rule to show cause why the deposit should not be applied towards the judgment so far as it would extend. The defendant objects upon the ground that at the trial the judge refused to allow him to contest the question of fraud in the inception of the debt, on which the order to hold to bail was founded, as permitted by section 166 of the Practice act, and that plaintiff's counsel waived the question of fraud. The difficulty with defendant's position is that the record before me fails to show any offer of such proof or any ruling by the judge to which exception was taken, and if there was, it could not be reviewed by me on this proceeding. As to the alleged waiver, the record does not show it, beyond proof by a bystander that he understood it was waived, but the verity of a judgment record cannot be assailed in that way.

The defendant should have offered his proof, obtained a ruling, and if dissatisfied, taken an exception, as was done

in *Kein* v. *Katz,* 92 *N. J. L.* 406. This he did not do, but attempted to dispute the record by unsatisfactory evidence. The defendant also holds a rule to show cause why the order to hold to bail should not be set aside and seeks to sustain it by proof that the facts stated in the affidavit on which the order for bail was made are untrue. This can only be done under section 62 of the Practice act, not later than thirty days after the arrest. That period has long since elapsed and bars defendant from invoking section 62 of the act referred to. Realizing this, defendant rests his claim to a discharge on section 61, and argues that the order to hold to bail should be discharged, after judgment, because the affidavit is entitled in a cause of action not commenced, and relies on *Potter* v. *Cook,* 30 *N. J. L. J.* 206. Without determining whether this holding is good in law when applied to the affidavit laid before the commissioner on which his order was founded, it is sufficient to say it comes too late after general appearance, trial and judgment. *Watson* v. *Noblett,* 65 *N. J. L.* 506, in which the Supreme Court said: "In *Logan* v. *Lawshe,* 33 *Vroom* 567, this court passed, without deciding, the question of the right to challenge the sufficiency of the affidavit on which a *capias* had been ordered and issued, where the motion to quash was made after the defendant had appeared and filed special bail; but it has never been supposed that such right exists."

My opinion is that the sufficiency of the original affidavit, at least as to form, cannot be assailed by a motion to quash after appearance by, and a judgment against, defendant. The next point defendant raises is that the proof of fraudulent inception of the debt does not show such fraud. If this be considered on a motion of this character, after general appearance, it is my opinion that the affidavit justifies the order.

The motion to discharge defendant from custody under the sixty-first section of the Practice act comes too late. Section 62 is not available because of lapse of time, and there is not proper record before me available to defendant under section

166. This leads to a discharge of defendant's rule to show cause, and the making absolute of plaintiff's rule, and it is so ordered.