JAMES J. MORGAN, PLAINTIFF, v. VERNON A. BOWMAN, DEFENDANT.

Argued May 4, 1927—Decided June 4, 1927.

1. In matters of bail on contract cases, this court follows generally the rules of the old Court of King's Bench.

2. The statutory language contained in a recognizance of bail to the action, providing that if the defendant shall be condemned in the action, he shall pay the costs and condemnation, or render himself into custody, and if he fail to do so, the bail shall pay the costs and condemnation for him, refers to the final judgment in such action, if in favor of the plaintiff.

3. A verdict in the suit, without more, and even if in favor of the defendant, is no determination of the action or of the liability of the bail; it is under the control of the court, and may even be waived by the party in whose favor it is rendered, by mere inaction; and in a proper case judgment may be rendered contrary to it and in spite of it.

4. Defendant gave bail, and on the trial of the cause there was a verdict in his favor. A rule to show cause why it should not be set aside and a new trial had, was then granted. *Held*, that in this state of the case the bail were not entitled to be exonerated.

---

On rule to show cause why special bail should not be exonerated and the surety and principal discharged.

Before Justices PARKER and CAMPBELL.

For the plaintiff, *Merritt Lane* and *Charles A. Rathbun*.

For the defendant, *William H. Speer*.

The opinion of the court was delivered by

PARKER, J. The fundamental ground of this application is that while the bail was in force, the suit went to trial and resulted in a verdict for the defendant. On the other hand, it should be noted that the plaintiff immediately applied for and obtained a rule to show cause why the verdict should not be set aside and a new trial had, and that such rule is now pending. Nevertheless, it is argued that although the verdict is thus in the air, and although it may be set aside and a new trial had which may result in a verdict and final judgment for the plaintiff which, if rendered, in the first place, would require the bail either to render the defendant or pay the judgment, the fact that a verdict for the defendant has been rendered entitles the bail and the defendant himself to a discharge, however the suit may result in the end. We have looked with care into this question and conclude that

the proposition advanced is not supported by either reason or satisfactory authority.

1. It should be observed at the outset that this court follows the rules of the old Court of King's Bench in matters of bail. *Armstrong* v. *Davis,* 1 *N. J. L.* (*Coxe*) 110; *Parker* v. *Ogden,* 2 *Id.* (*Pen.*) *146, *151, and cases cited in *Mott's Practice Act of* 1903, *subsec.* 79. This is material in view of certain cited decisions from sister states, on which reliance is placed by defendant.

2. The form of the recognizance as laid down in the statute (*Pr. act* 1903, § 69; *Comp. Stat., pp.* 4072, 4073), the condition is "that if the defendant C. D. shall be *condemned in this action* at the suit of A. D., the plaintiff, he shall pay the costs and condemnation of the court, or render himself into the custody of the sheriff of said county for the same, or if he fail so to do, that the said E. F. and G. H. [the sureties] will pay the cost and condemnation for him or render him into the custody of the sheriff of the said county." This follows the form of *viva voce* recognizance in K. B. as set out in *Tidd. Appx.* 94: "On condition that if C. D. be condemned in this action, he shall answer the condemnation money or render himself to the custody of the marshal of the Court of King's Bench; and if he fails so to do, ye will do it for him. Are ye content?"

3. Taking such a recognizance according to the apparent natural meaning of its language, the phraseology seems intended to secure to the plaintiff at the termination of the suit, if that result in the "condemnation" of the defendant, either the payment of the condemnation and costs or the return of the body of the defendant into custody, there to remain until the debt be paid or he be discharged by other process of law.

4. It is quite plain to us that the termination of the suit connotes a final judgment, and that a verdict without more, not to speak of a verdict qualified by pending proceedings for a new trial, is not a final judgment; if in favor of the plaintiff, it is not a "condemnation," and if in favor of the defendant, it is not dispositive of the plaintiff's claim in favor of defendant. Many things might happen to deprive it of such

efficacy—a new trial; a judgment *non obstante veredicto:* a waiver of the verdict, as by failure to file *postea* within the first ten days of the Supreme Court term. Rule 117; *Weinberger* v. *Erie Railroad Co.,* 86 *N. J. L.* 259. If a rule to show cause is allowed, the *postea,* under the former practice, might, nevertheless, be filed and a judgment entered (rules 35 and 39 of edition 1905; *McNamara* v. *Railroad Co.,* 56 *Id.* 56), but it was only a judgment *nisi,* supplemented by final judgment *nunc pro tunc* in case of discharge of the rule to show cause, and by the same token a nullity if such rule be made absolute. Rule 35 has been abrogated, and in lieu thereof rule 116 provides that *postea* may be filed at once and judgment entered thereon, but execution may be stayed pending application for a new trial. Rule 39, however, relating to final judgment *nunc pro tunc* remains in force as rule 128. This may tend to greater simplicity of procedure; but the judgment entered pursuant to rule 116, on immediate filing of *postea,* is no more final than one entered under old rule 35. Until the determination of the rule to show cause by a discharge, it cannot be treated as a final judgment.

5. Even if there be a final judgment in favor of the defendant, the books shed little or no light on the question whether the bail are entitled to specific action of the court by way of *exoneretur* and discharge of their liability. By such a judgment, the defendant goes without day; hence, he is not condemned, but the contrary; hence, again, the case is without the condition of the recognizance. If the defendant be in custody without bail, the judgment is that he "go thereof without day." 3 *Bl. Com.* 399. We have looked in vain in the old books for some mention of special application for discharge of bail because of a favorable verdict or even a judgment. The following are some of the grounds of discharge as set out in *Tidd Prac.:*

Payment of the claim. Render of the principal. Death of principal. Insanity of principal. Bankruptcy of principal. Discharge under Insolvent act. Sentence to transportation, &c. See *Rowland* v. *Stevenson,* 6 *N. J. L.* 149.

Acts or defaults of plaintiff, as by not declaring in time, delaying trial, variance, submitting to arbitration, and so on. As to variance, see *Robeson* v. *Thompson,* 9 *N. J. L.* 97.

But we find not a word in the English books even hinting that a verdict taken up for review on a rule to show cause operates to impel the court to discharge the sureties, or, what amounts to the same thing in this instance, to discharge the principal from liability to arrest.

A number of cases from other states are cited, mostly from Connecticut. For the decisions pronounced in that state we have the highest respect; but on this point it is plain that the procedure differs from our own, doubtless controlled by statute.

6. The bail in this case is of large amount, and by a surety company which has to be paid. We are not unmindful of the fact that defendant is under a considerable burden in paying the premium and perhaps in furnishing indemnity to the surety company; but we feel obliged to hold that no case has been made for the discharge of this bail. The verdict for the defendant is still in the air; the judgment alleged to be entered thereon is merely a judgment *nisi;* a rule to show cause is pending; the evidence at the trial has not been laid before us. A rule was made sometime ago pursuant to section 62 of the Practice act, for the taking of testimony concerning the proofs on which the order for bail was made; no such testimony has been returned, if taken. No claim of insufficiency in the original affidavits was made, so far as appears. The facts in those affidavits were taken as true, until section 66, *supra,* was enacted. *Painter* v. *Houston,* 28 *N. J. L.* 121. Even when counter affidavits are taken, it should clearly appear that the writ should not have issued. *Tyler* v. *Allen,* 31 *Id.* 441.

We consider that the present situation of the case before us does not require or even justify a release of the surety and discharge of the defendant on common bail, and the rule to show cause will therefore be discharged, with costs.