BERT HERMAN, PLAINTIFF-APPELLANT, v. KURT ARNDT, DEFENDANT-RESPONDENT.

Argued October 17, 1935—Decided January 31, 1936.

For the plaintiff-appellant, *Arthur E. Dienst* and *Abram A. Golden.*

For the defendant-respondent, *Harold K. Smith.*

The opinion of the court was delivered by

CASE, J. The appeal is from an order in the Supreme Court setting aside service of a writ of *capias ad respondendum.*

Plaintiff and defendant, on February 8th, 1935, as operators of respective automobiles, experienced an automobile collision on the Pulaski Skyway. Both were taken to the Oakland avenue police station in Jersey City, and defendant was put under cash bail to appear for hearing on a charge of reckless driving. On the hearing date defendant, a resident of the State of Michigan temporarily sojourning in New York, came from the city of New York for the sole purpose of attending the hearing and returning to New York City immediately thereafter. As he was leaving the court room he was arrested on the *capias,* issued at the instance of the plaintiff in a civil action in the Essex Circuit for damages growing

out of the collision. Defendant was thrown into jail and kept there for two days, when, eight-thirty P. M. Saturday, March 2d, he obtained and deposited cash bail and was released. On March 5th, he gave notice of motion for March 9th which developed into the rule to show cause why the writ should not be vacated. Mr. Justice Parker allowed the rule as on a special appearance, decided upon the return that the defendant was exempt from arrest at the time of the service of the *capias* and made the order from which plaintiff now appeals.

Appellant has written down several grounds of appeal which respondent asserts, without contradiction, were not raised in the court below and which, so far as we can determine from the record, were not there raised. A question not presented and argued in the court below will be held to have been waived and abandoned and will not be considered in an appellate tribunal. *Kip* v. *Peoples Bank and Trust Co.,* 110 *N. J. L.* 178. Therefore we comment upon only three of the points presented on appellant's brief.

It is said that inasmuch as the court upon which the defendant was in attendance was of limited and not of general jurisdiction, immunity did not exist. The established rule of public policy in this state is that a non-resident party to a suit, and, with somewhat different form of relief, even a resident party, while necessarily going to, staying at or returning from the court, whether civil or criminal, is privileged from the service of a summons or of a *capias* in a civil action. *Michaelson* v. *Goldfarb,* 94 *N. J. L.* 352 (and earlier cases cited therein) ; *Prescott* v. *Prescott,* 95 *N. J. Eq.* 173; *Michelin* v. *Michelin,* 100 *Id.* 64; *Golde* v. *Golde,* 108 *Id.* 519; *Kutschinski* v. *Kutschinski,* 112 *Id.* 341; *Brown* v. *Brown, Ibid.* 600; *Blair* v. *Vetrano,* 12 *N. J. Mis. R.* 462. The reasoning appears sufficiently in *Michaelson* v. *Goldfarb, supra,* and *Halsey* v. *Stewart,* 4 *N. J. L.* 366. Appellant's point is not supported by his citations. It is against the spirit and reasoning of our decisions. The purpose of the rule would not be served by such a distinction. The point is not well taken.

It is further said that the defendant in entering into a

recognizance and posting bail *ipso facto* entered a general appearance in the cause; and the following New Jersey decisions are cited: *Moore* v. *Richardson* 65 *N. J. L.* 531; 47 *Atl. Rep.* 424; *Ferenga* v. *Moskowitz,* 1 *N. J. Mis. R.* 169; 130 *Atl. Rep.* 814; *Sullivan* v. *Moffat,* 68 *N. J. L.* 211; 52 *Atl. Rep.* 291; *Morgan* v. *Bowman,* 103 *N. J. L.* 542; 137 *Atl. Rep.* 655; *Laura* v. *Puncerelli,* 91 *N. J. L.* 38; 102 *Atl. Rep.* 433; *Logan* v. *Lawshe,* 62 *N. J. L.* 567; 41 *Atl. Rep.* 751. Most of these citations do not touch the point at issue. But in Logan *v.* Lawshe the following language appears:

"The defendant appeared to the writ and filed special bail. The practice appears to be quite settled that an appearance in conformity with the purpose of the writ is a waiver of all defects, at least those that are formal, either in the process or in the service. *Ayers* v. *Swayze,* 2 *South.* 812; *Cornell* v. *Matthews,* 3 *Dutcher* 522, 524; *Clifford* v. *Overseers of the Poor,* 8 *Vr.* 152."

We note first that the statement of the rule is applied unqualifiedly only to those defects, either in the process or in the service, that are formal; the objection in the instant case is certainly more than formal; and, next, that the opinions cited in illustration of the described practice by no means sustain an application of the rule to the circumstances of the instant case. In Ayers *v.* Swayze the parties had proceeded to trial. In Cornell *v.* Matthews, an action under the Mechanics' Lien law, the defendant had made his pleas and participated in the trial, which resulted, not in a general judgment, but in a pure judgment under the Lien law, and the holding on the appeal was that the informality of the summons was waived by pleadings to the declaration. In Clifford *v.* Overseer of the Poor the point on appeal was that the warrant by which the defendant had been arrested under the Vagrant act did not properly describe the defendant, and the holding on appeal was that, assuming the objection would have prevailed if it had been made on the return of the warrant, the defendant waived it by submitting to the jurisdiction of the court and going to trial on the merits of the case. It does not appear that Lawshe, defendant in the Logan case, was a nonresident; indeed it is quite clear that he was not.

None of our decisions have reached so far as to hold that a non-resident, arrested and jailed at a time when he was immune, waives his privilege by the bare act—necessary to the securing of freedom—of depositing cash bail and entering into a recognizance obligating himself upon the condition that he be condemned in the action; and we find that he does not. Such giving of bail and recognizance was not, we think, what Mr. Justice Bergen, in *Bird* v. *Moth K-L Co.*, 1 *N. J. Mis. R.* 251, called "a proceeding in the cause which defendant could not take without appealing to the jurisdiction of the court." We are not to confuse the situation of a non-resident, immune from service of either summons or *capias*, with that of a resident, vulnerable to service of summons but seeking to escape the consequences of a *capias*. The public policy underlying the privilege, as described in *Michaelson* v. *Goldfarb, supra,* coupled with the manifest difficulty, at times, of getting immediate audience, where the action is as here in the Supreme Court, with a justice for the obtaining of an appropriate saving order, operates against appellant's contention. There was no delay in the attack upon the service. Proceedings were initiated in less than three days after the recognizance was executed and before it was actually filed in March 6th.

Finally, appellant would have us burden the discharge from arrest with the condition that the defendant file a stipulation not to bring suit for false imprisonment, as was done in *Leigh* v. *Alpaugh,* 24 *N. J. L.* 629; but that case was in the Supreme Court and the justice who made the order exercised his discretion in the imposition of terms. Our determination is to be based upon the presence or absence of legal error; and we find none.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.