**ARNDT v. HERMAN et al.**

No. 5986.

District Court, D. New Jersey.
Jan. 18, 1938.

C. Wallace Vail, of Newark, N. J., for plaintiff Kurt Arndt.

Abram A. Golden, of Newark, N. J., pro se., for defendant Robert E. Rosenberg.

Sarnow & Asarnow, of Newark, N. J., for defendant Arthur E. Dienst.

J. Emil Walscheid, of Jersey City, N. J., for defendants Joseph E. Colford, Thomas J. Prior, and James Starkey.

FORMAN, District Judge.

Plaintiff in the first count of his complaint alleges that on or about the 28th day of February, 1935, he being a resident of the state of Michigan and temporarily sojourning in New York, came from the City of New York to the Third criminal court of Jersey City, for the sole purpose of appearing for hearing on a complaint of reckless driving made against him, and then to return to New York City immediately thereafter. After he had left the courtroom, and while immune from arrest as such nonresident, plaintiff was arrested on a capias issued at the instance of the defendants, Bert Herman, Robert E. Rosenberg, Arthur E. Dienst, and Abram A. Golden, in a civil action in the Essex county circuit of the New Jersey Supreme Court for damages alleged to have grown out of an automobile collision on February 8, 1935, between automobiles operated by plaintiff and the aforesaid defendant Bert Herman; that said defendants who were then acting as attorneys of Bert Herman, well knowing that plaintiff was a nonresident of New Jersey and immune from civil arrest while attending and going to or from court, wrongfully, willfully, wantonly, and maliciously caused and suffered the said plaintiff to be arrested as aforesaid and incarcerated in jail; that plaintiff was kept confined in jail and deprived of his liberty until the night of Saturday, March

2, 1935, at which time he was released after first obtaining and depositing cash bail. Thereafter, a justice of the New Jersey Supreme Court, upon application of plaintiff, decided, upon the return of a rule to show cause why the writ of capias should not be vacated, that the plaintiff was privileged from arrest, and was affirmed by the Court of Errors and Appeals of New Jersey in the case of Herman v. Arndt, 116 N.J.L. 150, 182 A. 830.

In the fourth count plaintiff avers that all of the foregoing defendants and Colford, Prior, and Starkey conspired and formed the deliberate design and purpose to have plaintiff come into the state of New Jersey on or about February 28, 1935, and to have plaintiff arrested on a writ of capias while in attendance at court, or while going to or from court in the state of New Jersey; that while plaintiff, a resident of the state of Michigan, was in the state of New Jersey for the sole purpose of attending court therein in connection with a complaint of reckless driving made against him, the defendants, well knowing that plaintiff was immune from arrest, wrongfully, maliciously, violently, and with the means of force and arms, illegally, willfully, and wantonly arrested and caused the arrest, detention, jailing, and imprisonment of plaintiff all to his great injury and damage.

The plaintiff abandoned the second and third counts of his complaint, and the cause is here on motions to strike counts 1 and 4 above described, which were made on behalf of all of the defendants except Bert Herman.

Plaintiff originally attempted to recover damages for false imprisonment. He has since abandoned that theory, and now contends that the first count of his complaint states a cause of action for malicious prosecution against defendants Herman, Rosenberg, Dienst, and Golden, and that the fourth count states a cause of action for conspiracy against all the defendants.

Under the laws of New Jersey any tort committed by a nonresident is special cause for the issuance of a writ of capias by order of the court.

Section 56 of the New Jersey Practice Act, 3 Comp.St.1910, p. 4068, § 56, provides:

"The writ of capias ad respondendum shall not be issued in any action founded upon a tort, * * * unless: * * *

"Third. The proof establishes special cause as heretofore for holding the defendant to bail."

In the case of Hand v. Nolan, 136 A. 430, 1 N.J.Misc. 428, 429, the court stated: "The present case is one where the proof should establish a special cause for holding the defendant to bail. Special reasons ordinarily cited are nonresidence of the defendant or facts and circumstances from which it may be inferred that the defendant may not be in the jurisdiction to answer to a judgment when rendered."

Thus it appears that this was a proper case for the issuance of a capias against the plaintiff, he being a nonresident of the state of New Jersey. However, he successfully asserted his immunity from arrest as appears in the case of Herman v. Arndt, 116 N.J.L. 150, 182 A. 830, in which the present plaintiff was defendant. It is now contended that this arrest was an invasion of the plaintiff's rights giving rise to an action for malicious prosecution.

To support an action for malicious prosecution, the plaintiff must show, first, that the prosecution was ended, and that he was duly discharged; second, that the defendant instituted the proceedings against him without reasonable or probable cause; and, third, that the defendant was actuated by a malicious motive in making the charge. Magowan v. Rickey, 64 N.J.L. 402, 45 A. 804. Plaintiff alleges in count 1 of his complaint that he was maliciously arrested, and that it was judicially determined that he was privileged from arrest. It is objected that the complaint is deficient in that it fails to allege that the plaintiff's arrest was made without probable cause. Plaintiff admits that his complaint does not specifically make this allegation, but seeks to justify this omission on the ground that it may be inferred from the allegation that he was wrongfully, willfully, wantonly, and maliciously caused to be arrested. It is argued that the allegation of the latter negatives the existence of probable cause.

It is not contended that the capias was irregularly issued. On the contrary, it appears that it was issued pursuant to New Jersey statutory law allowing the writ when a tort has been committed by a nonresident. The order of arrest being proper, the only grounds upon which plaintiff may justify an action for malicious prosecution would be an attack upon the proceeding out of which his arrest arose, that is, the proceeding in the state court in which dam-

ages in tort were sought against plaintiff. The complaint, then, is inadequate, because the prerequisite allegations attacking the action in tort brought against plaintiff and out of which the arrest arose are omitted.

As a second cause for action plaintiff alleges that all the defendants conspired and formed the deliberate design to have plaintiff come into the state of New Jersey, and then to have him arrested while leaving court, and that the defendants wrongfully, maliciously, violently, and with the means of force and arms, illegally, willfully, and wantonly arrested and caused the arrest, detention, jailing, and imprisonment of plaintiff.

In Louis Kamm, Inc., v. Flink, 113 N.J. L. 582, 592, 175 A. 62, 69, the court made the following statement: "The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. The damage is the essence of the action, not the conspiracy."

It does not appear either in the count against the defendants Herman, Rosenberg, Dienst, and Golden or in the count against Colford, Prior, and Starkey that an offense, to which the charge of conspiracy is subordinate, is properly alleged. That being true, there is nothing alleged which without the conspiracy would give a right of action. Furthermore, the plaintiff concedes he has no right of action for malicious prosecution against the defendants Colford, Prior, and Starkey, who were respectively sheriff, undersheriff, and deputy sheriff. As hereinbefore stated, he has not properly alleged an action for malicious prosecution against the other defendants. Therefore, the complaint against Colford, Prior, and Starkey is based upon a conspiracy alone, and is as fatally defective against them as it is against Herman, Rosenberg, Dienst and Golden. It will be dismissed.

Some of the defendants have argued that the complaint is susceptible of dismissal for violation of the statute of limitations, because more than two years elapsed between the date of plaintiff's discharge from arrest and the filing of this suit. Obviously, that theory is directed only to the view that this is an action for false imprisonment. Even the plaintiff concedes it is not. Hence, the argument is without application here. But we do not have to concern ourselves in this regard, because the reasoning set forth above disposes of the motion on other grounds.

Likewise, at this time it is unnecessary to rule upon the motion for additional security for costs, because the present bond is ample to cover all costs which may arise by reason of the dismissal of the complaint.